

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

JO~~~~~~~~~~~~~

ATTORNEY GENERAL

Mr. W. J. Tucker
Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-1410
Re: Whether a superintendent or an
assistant superintendent of a State
fish hatchery may be commissioned
as a game and fish warden without
additional pay for the services to
be performed.

Your letter of September 9, 1939 is received, wherein you ask the opinion of this department upon the question indicated in the caption above.

Article 16, Section 40 of the Texas Constitution is not involved, for the reason that under your statement of facts no emolument is to be attached to the duties to be perofmred by a game and fish warden in this particular instance.

Likewise, we are unable to observe any incompatibility between the duties to be performed as game and fish warden and the duties to be performed as hatchery superintend and, therefore, we are of the opinion that the common law rule applied in this State, prohibiting the holding of incompatible offices, does not apply to your situation.

We therefore advise that it is the opinion of this department that the Executive Secretary of the Game, Fish and Oyster Commission may commission a hatchery superintendent or assistant hatchery superintendent as game & fish warden, such hatchery superintendent or assistant hatchery superintendent to receive no compensation for such services as are performed as game and fish warden, but only to receive such compensation as is prescribed for a hatchery superintendent or assistant hatchery superintendent in the department appropriation bill.

The broader question, however, involved in your inquiry is whether, under such circumstances, the person thus appointed may receive any compensation whatsoever for his services, under Article 16, Section 33 of our State Constitution, which reads as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as

agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, tthat this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, . . . etc."

Article 978f, Penal Code, Vernon's Annotated Criminal Statutes of Texas, creates the Game, Fish and Oyster Commission and abolishes the Game, Fish and Oyster Commissioner, vesting the commission with the authority, powers, duties and functions theretofore vested in the Game, Fish and Oyster Commissioner. By the same Act, the Executive Secretary of the Commission is given authority to appoint such game and fish wardens and other employees as in his discretion may be deemed necessary to carry out and enforce the laws of this State which it is the duty of the Commission to carrry out, execute and administer, and to perform all other duties and services authorized and required to be performed by said Game, Fish and Oyster Commission, which said wardens and employees "shall have the authority, powers, duties and functions heretofore vested in Special Deputy Game, Fish and Oyster Commissioners and other employees of the Game, Fish and Oyster Commissioner."

Among the duties of the Commission is the superintending and control of propagation of fish in the State fish hatcheries and the distribution of such fish. Article 4018, R.S. 1925. By Article 4021, R.S. 1925, the Commissioner was authorized to appoint deputies deemed necessary for the enforcement of the law, which such deputies were to "have and exercise the same powers and duties as the Commissioner."

We find no law wherein the Legislature has attempted to prescribe the duties to be performed by hatchery superintendents or assistant hatchery superintendents. Such places seem to be provided for only in the appropriation bill, and it appears to have been the intention of the Legislature that the Game, Fish and Oyster Commission, acting through the Executive Secretary, should have the authority to determine what duties and services should be required to be performed by particular employees of the department.

In Article 4023, R. S. 1925, it appears that it was the intention of the Legislsture that persons in charge of hatcheries should be vested with all of the powers of the Game and Fish Warden, who at that time was referred to as "Deputy Fish and Oyster Commissioner," for this Article refers to "deputies employed at fresh water fish hatcheries."

The Legislature itself has the power to prescribe the duties which shall be performed by a public officer or employee, and the imposition of additional duties does not constitute the creation of a separate office or position, where the new duties assigned "partake of the same general characteristics of other duties imposed by law," and are not incompatible therewith. Jones v. Alexander (Tex. Comm. App.) 50 S.W. (2d) 1080, opinion adopted by the Supreme Court.

Where the Legislature has created separate and distinct offices or positions, and has prescribed the duties to be performed by persons holding each position, a department head may not permit one person to hold or exercise both offices or positions, even though he may receive no pay for the second office or position; but where the legislature has left it to the department head to prescribe the duties which shall be performed by persons whom he is authorized to employ, the imposition of additional duties to be performed by a particular employee constitutes but the exercise of the administrative discretion conferred upon the department head, and does not constitute the creation of a separate office or position, where, as in the situation dealt with in this opinion, the new duties assigned "partake of the same general characteristics of other duties imposed by law," and are not incompatible with the duties already discharged by such employee.

Trusting that the foregoing fully answers your inquiry satisfactorily, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild

R. W. Fairchild
Assistant

RWF:pbp:egw

APPROVED NOV. 22, 1939
/s/ Gerald. C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman